## SUPREME COURT.

### SHADRACH NEALE agt. NEHEMIAH OSBORNE.

A party restrained by injunction from doing a particular act, cannot stand by and see the injunction violated by a partner at their common expense, or for their common benefit.

To stand by, aid and abet, or countenance and connive at a violation of an injunction by a partner, under such circumstances, will be held a disobedience of the injunction by the party restrained, and will be punished as such.

All persons duly served with an injunction are bound to obey the same in its letter and spirit while it remains in force, and every evasion of it, or contrivance to frustrate it, will be treated as a contempt and punished as such.

*Monroe Special Term, May,* 1857.

ATTACHMENT for disobedience of an injunction.

The defendant and one Josiah W. Bissell had purchased a certain building in Rochester, the basement of which was used and occupied for stores, and the upper part for a church. The building was sold to be removed from the ground for the purpose of replacing it with new buildings. The relator had a lease of one of the stores in the building, which was unexpired, and commenced a suit and obtained an injunction restraining the defendant Osborne from tearing down the building, and not making Bissell a party to the suit. The injunction being violated, as the relator claimed, he obtained an attachment against Osborne. On the return of the attachment, interrogatories were duly filed and answered, and it was referred to a referee to take proof in respect to the matters thereof. On the coming in of the referee's report, the matter was brought on for argument. The facts will more particularly appear in the opinion.

E. A. HOPKINS, *for plaintiff.*
W. F. COGSWELL, *for defendant.*

E. DARWIN SMITH, Justice. It is quite apparent that the injunction in this action has proved entirely abortive. Whether

its complete evasion has been accomplished without involving any responsibility on the part of the defendant, is practically the only real question presented upon the papers before the court. The plaintiff being in possession of a store in the basement of the Methodist Church building, upon a complaint, with an affidavit annexed, showing that the defendant threatened to tear down such building, and had actually commenced such work of demolition, obtained an injunction from Judge HUM-PHREY, late county judge, forbidding the tearing down of such building or in any way interfering with the use and enjoyment of the plaintiff thereof.

This injunction the defendant immediately applied to Judge STRONG, to dissolve or modify, stating in his affidavit that he purchased said building at auction sale, and was the owner of one-half thereof, and that the effect of the injunction was to prevent the owner of said property from beneficially enjoying the same and building thereon, and that to enable the said parties to perform their agreements, (that is, to build thereon in six months,) it will be necessary that defendant should remove the said buildings at as early a date as possible, and that if the injunction is retained, it will prevent such parties from using the same, &c. And further, " that the damage he will sustain by reason of the delay resulting from being prevented from tearing down and removing said building, will be at least $300, in addition to the value of the materials." And further, that " the sum of $400 will be entirely inadequate to compensate defendant for the damage he will sustain if said injunction is retained unmodified." And further, that he is advised that it is doubtful in case he should not remove said buildings by the 8th of June, whether defendant would not be liable for damages, &c. ; and also admitted that he told the plaintiff, on or about the first of May, that " he was going to commence taking down the church, the next week, &c." Upon this affidavit and others, showing that the residue of the building, except the portion occupied by plaintiff, could be taken down without injury to the plaintiff or interfering with his use and enjoyment of the store occupied by him, Judge

STRONG modified the injunction so as to restrain the defendant, his servants and agents, "from demolishing, destroying or interfering with that portion of the said building occupied by plaintiff, and from doing any act in relation to the said building, which should endanger the safety of the said plaintiff's store, or should prevent the full and free use of the same."

Immediately upon the granting of this order, the work of demolishing said building is recommenced, and the whole building, except the walls of plaintiff's store, are torn down; the roof over this store removed; his window broke in; a shed erected over his front window; his awning broke away, and his store rendered almost inaccessible from obstructions in the street, and entirely unsafe and uncomfortable, and the full and free use thereof entirely interrupted.

The injunction has thus been entirely frustrated. It has not sufficed to afford the slightest protection to the plaintiff. His property has been exposed to injury from the rains, and his occupation of the store rendered scarcely endurable.

The plaintiff had a lease of this store. He was entitled to occupy peaceably. The respondent had not the slightest right to interfere with his full and complete enjoyment of said store. The injunction was designed to protect this right, and prevent such interference, and while it remained in force should have been obeyed.

The defendant now says, in effect :—True, the rights of the plaintiff have been entirely disregarded, the object of the injunction entirely frustrated, but I am not to blame. My partner, Bissell, perpetrated the wrong. I was merely passive, while he disregarded the injunction. I looked on and saw him do it. I watched, superintended and inspected the work of demolition, but Bissell employed the hands; he, in fact, directed the work.

But this will not do. An injunction cannot be evaded in this way. The defendant applied for its modification, avowing the work to be his,—the injury to be his, in part at least. He declared to the plaintiff and others, that he intended to tear down the building before the work began. He was daily there

Neale agt. Osborne.

directing about its demolition. He hired some of the hands and paid confessedly half of the expense. He had his teams there removing the materials, half of which belonged to him. It is the veriest of trifling to say, under these circumstances, that Bissell did the wrong, and the defendant is not responsible. He was present, aiding, abetting, advising, assisting and directing. The work was not done by Bissell, without his active concurrence and participation. It may be, if the defendant had been away, and was in no way privy to the work of tearing down the building, that he might not be responsible in this proceeding for the acts of Bissell. But to allow the defendant to escape responsibility in this case by throwing the blame upon Bissell, and making him the scapegrace for violating this injunction, would be to connive on the part of the court, at a most palpable disregard of its process, at the complete and perfect evasion of an injunction deliberately granted, in its modified form, by one of its judges. This will not do. All men must obey an injunction of this court, to them directed, upon due service thereof, and will not be allowed to shuffle it by, or evade it by any contrivance. It is essential to the public interest that this process of the court be implicitly obeyed in its spirit as well as in its letter; and this court would be wanting in its duty to the public if it winked at its violation in any particular. The integrity of this process, and the dignity of this court, and the proper administration of justice, must be vindicated by prompt and inflexible punishment in all cases where an injunction has been disregarded or disobeyed. This is clearly such a case, and it must be adjudged that the defendant is guilty of contempt of this court in tearing off the roof from the plaintiff's store in such a manner as to expose his property to injury from the rains, and himself and family to discomfort therefrom, and for breaking in his window, breaking down his awning, and obstructing the entrance to his store, and other interference with his free use and enjoyment thereof; and that such misconduct was calculated to, and actually did impair and prejudice the right and remedies of the plaintiff in this action. And it

NEW-YORK PRACTICE REPORTS. **85**

The Lexington and Big Sandy R. R. Company agt. Goodman and others.

must be referred back to the said referee who took the proofs in this proceeding, or some other referee, to be designated by the court, if the parties do not agree upon one, to ascertain, determine and report to what extent, and in what amount, the plaintiff was actually injured by the misconduct in question, and what was the actual loss of the plaintiff therefor, and it is so ordered.